**In the Matter of the Alleged Mental Illness of Mark NEUBAUER.**

**No. CX-83-1896.**

Court of Appeals of Minnesota.

July 31, 1984.

David Kraker, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin County Atty., John Owen, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and CRIPPEN, JJ., without oral argument.

## OPINION

PARKER, Judge.

Neubauer appeals from an August 26, 1983, order for commitment and an order dated November 23, 1983, denying his motion to withdraw his prior admission to the petition. We affirm.

## FACTS

A petition for Neubauer's commitment was filed on August 18, 1983. At the August 26, 1983, hearing on the petition, Neubauer admitted the allegations. Dr. David Heiberg, the court-appointed examiner, testified that Neubauer suffered from paranoid schizophrenia, but that he was able to understand the commitment proceedings and his admission. On November 15, 1983, Neubauer moved to withdraw his admission. The motion was denied on November 23, 1983.

## ISSUE

1. Did the trial court properly commit Neubauer to Anoka State Hospital as mentally ill?

2. Did the trial court properly deny Neubauer's motion to withdraw his admission to the petition?

## DISCUSSION

### I

To support commitment to a State hospital, the trial court must find, by clear and convincing evidence, that the proposed patient is mentally ill as defined by Minn.Stat. § 253B.02, subd. 13 (Supp.1983), that there is no suitable alternative to judicial commitment, and that the treatment facility chosen is the least restrictive alternative which will meet the patient's treatment needs. Minn.Stat. § 253B.09, subd. 1 (1982).

■ The court-appointed examiner testified that Neubauer suffered from a major mental illness affecting his thought and perception and that his judgment was impaired. Dr. Heiberg's report, submitted to the court, reported Neubauer's threats of homicide, noted the potential for violent behavior, and recommended treatment at Anoka State Hospital. The trial court concluded that Neubauer was mentally ill, that there was "a substantial likelihood of physical harm" to others, and that commitment to Anoka State Hospital was appropriate. These conclusions are supported by clear and convincing evidence.

### II

■ Neubauer admitted the petition and waived his right to a full hearing. *See* Minn.Stat. § 253B.08 (1982 and Supp.1983). The statute does not specify the procedure for admitting a petition, but does allow a proposed patient to waive his right to attend the hearing if the waiver is freely given and appears on the record. Minn. Stat. § 253B.08, subd. 5 (1982).

Neubauer was asked whether he had "an adequate opportunity to review" the petition with his counsel, was informed of his right to insist upon a hearing at which the county would have to produce clear and convincing evidence of mental illness, and of his right to call witnesses on his own behalf. He informed the court that he wanted treatment at Anoka State Hospital and waived his right to a hearing. The court asked Neubauer whether he wanted "more time to think about or talk to" counsel, and Neubauer replied that he did not.

Despite Neubauer's admission of the petition, the court questioned the examiner about the extent of appellant's mental illness and concluded that the statutory requisites for commitment were met. *See,* Minn.Stat. § 253B.09, subd. 1 (1982). The court had ample evidence of Neubauer's conduct upon which to base its decision. Neubauer was not found incompetent and his waiver, made on the record after consultation with counsel, was valid. The trial court properly refused to allow the admission to be withdrawn three months after it was made.

## DECISION

The trial court properly committed Neubauer to Anoka State Hospital and refused to allow him to later withdraw his admission to the petition.

Affirmed.